**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KIMBERLY ASPER,

              Plaintiff - Appellant,

   v.

COSTCO WHOLESALE
CORPORATION,

              Defendant - Appellee.

No. 13-35695

D.C. No. 9:13-cv-00050-DLC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief District Judge, Presiding

Argued and Submitted January 22, 2015
Billings, Montana

Before: THOMAS, Chief Judge, and HAWKINS and CHRISTEN, Circuit Judges.

     Kimberly Asper appeals the district court's order dismissing her claims,

which arise under Montana's Wrongful Discharge from Employment Act

(WDEA), for failure to state a claim under Federal Rule of Civil Procedure

12(b)(6). We have jurisdiction under 28 U.S.C. § 1291 and review the order of

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

dismissal *de novo*. *Wilson v. Hewlett–Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). We affirm. Because the parties are familiar with the factual and legal history of the case, we need not recount it here.

I

The district court correctly concluded that the plaintiff's claim for relief was not cognizable under the governing statute. The WDEA "provides the exclusive remedy for a wrongful discharge from employment" under Montana law. MONT. CODE ANN. § 39-2-902. The statute "sets forth certain rights and remedies with respect to wrongful discharge." *Id.* In particular, it provides:

A discharge is wrongful only if:

(a)   it was in retaliation for the employee's refusal to violate public policy or for reporting a violation of public policy;
(b)   the discharge was not for good cause and the employee had completed the employee's probationary period of employment; or
(c)   the employer violated the express provisions of its own written personnel policy.

*Id.* § 39-2-904(1).[1]

The statute defines the term "discharge" to include any "termination of employment, including resignation, elimination of the job, layoff for lack of work,

---

[1] WDEA exempts certain employees from this provision, but those exemptions are not relevant here.

failure to recall or rehire, and any other cutback in the number of employees for a legitimate business reason."  *Id.* § 39-2-903(2).

Relying on this statutory definition, Asper contends that Costco's refusal to rehire her after she was wrongfully terminated in 2007 qualifies as a second "discharge" under WDEA.  Although she offers a variety of different theories to explain why this alleged discharge was "wrongful" under WDEA, all of her theories of liability rest on her construction of the term "discharge."

The district court correctly concluded that Asper's construction of the term "discharge" in the WDEA was incorrect.  Although the statute's "Remedies" section permits wrongfully discharged employees to recover certain types of damages awards, *id.* § 39-2-905, it does not create any right to be rehired or reinstated by the employer.  Thus, to hold that an employer who wrongfully discharges an employee must subsequently rehire that employee would impermissibly create a remedy that the statute itself does not recognize.

Although Asper states that she never explicitly sought reinstatement as a remedy for her 2007 wrongful discharge, her theory of liability in this case assumes that WDEA implicitly creates such a remedy.  Indeed, she has not identified any other contractual, regulatory, or statutory provision—besides WDEA itself—to suggest that Costco was obliged to rehire her after her 2007

3

termination.[2]  Instead, her claims rest on the premise that her success in the prior WDEA lawsuit imposed a legal duty on Costco to rehire her.

That premise is not supported by Montana case law.  If anything, the relevant Montana Supreme Court cases suggest that an employer cannot be held liable under WDEA for its "failure to recall or rehire" a former employee unless that employer has some independent legal duty—such as a contractual obligation—to do so.  *See Kneeland v. Luzenac America, Inc.*, 289 Mont. 201, 208-10 (1998) (holding that plaintiff's WDEA claim was "without merit" where plaintiff was "unable to identify any basis for his claim that [the employer] had a duty to rehire" him); *Arnold v. Boise Cascade Corp.*, 259 Mont. 259, 263, 267 (1993) (affirming verdict in favor of WDEA plaintiff where the jury had made a specific finding that the employer "had an obligation to recall or rehire" him).

---

[2] Asper suggests in her reply brief that Costco's personnel policy creates such an obligation but she fails to identify any provision of the policy that could reasonably be construed as an express promise to rehire a wrongfully terminated employee.  *See* MONT. CODE ANN. § 39-2-904(1)(c) (providing that a discharge is wrongful if "the employer violated the *express* provisions of its own written personnel policy" (emphasis added)).  More importantly, Asper's complaint does not allege that Costco's personnel policy includes such a promise or otherwise imposes a legal duty on Costco to rehire her.  The complaint's only references to the personnel policy revolve around her allegation that she was wrongly disciplined for violations of the policy.

The statutory definition of "rehire" that Asper cites for support does not suggest otherwise. *See* MONT. CODE ANN. § 40-5-901. By its own terms, that statute provides definitions for a different part of the Montana Code Annotated and does not apply to WDEA, which is codified under a different title of the Code.

Because Asper failed to state a claim under WDEA, the district court's order must be affirmed.

## II

Asper contends that she should be granted leave to amend her complaint. She seeks leave "to specifically articulate that in addition to the WDEA, her entitlement to be rehired is contained in Costco's written personnel policies." However, Asper has not identified any written policies specific enough to support a viable claim under that theory. *See* MONT. CODE ANN. § 39-2-904(1)(C) (providing that a discharge is only wrongful if the "employer violated the *express* provisions of its own written personnel policy" (emphasis added)). Accordingly, because amendment would be futile, the district court was not required to grant Asper leave to amend.

**AFFIRMED.**

5